Asaph Abrams (SBN 222576)
aabrams@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South
Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
MEB Loan Trust IV, U.S. Bank Trust National
Association, not in its individual capacity but solely
as trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| In re | Case No. 22-40756 |
|---|---|
| CRYSTAL MONIQUE WILLIAMS, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN** |
| | CONFIRMATION HEARING: |
| | DATE: October 9, 2025 |
| | TIME: 1:30 PM |
| | CTRM: 220 |

MEB Loan Trust IV, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Crystal Monique Williams (hereinafter "Debtor"), hereby objects to the Fifth Amended Chapter 13 Plan (Docket 104) filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 5-1, the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

Plan for failure to properly provide for Creditor's claim and dismiss her case for lack of good faith.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Clarence H. Williams (the "Borrower"), and dated June 7, 2004, in the original principal sum of $50,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 5-1 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]"), executed by Debtor and Borrower, encumbering the real property commonly known as 4442 Fleming Avenue, Oakland, CA 94619 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 5-1 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's proof of claim no. 5-1 as filed in the instant bankruptcy case and incorporated herein by reference.

4. On August 8, 2022, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division, and was assigned case number 22-40756.

5. On October 17, 2022, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $64,307.15, and a pre-petition arrearage claim of $36,450.69. See CCR, Claim no. 5-1.

6. On October 26, 2022, Creditor filed a prior Objection to a previous iteration of Debtor's Plan on the grounds *inter alia* that Debtor failed to provide for any payment on the claim in violation of 11 U.S.C. §1322(b)(2) and (b)(5). See Docket no. 27.

7. On February 7, 2023, the Debtor filed an Objection to Creditor's Claim. See Docket no. 52.

8. On September 18, 2025, the Debtor withdrew her Objection to Creditor's Claim pursuant to granting of summary judgment in Creditor's favor in related adversary proceeding, case no. 4:24-ap-04004. See Docket no. 103.

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

9. On September 18, 2025, the Debtor filed her Fifth Amended Chapter 13 Plan (the "Plan"). Creditor's claim is listed in the plan as a 0% interest loan payable over sixty (60 months). See Docket no. 104.

### 3) ARGUMENT

#### A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

Debtor's Plan does not provide for maintenance of postpetition contractual dues. Instead, it proposes a 0% interest payoff over time, an impermissible modification, which contravenes the plan confirmation requirement under §1325(a)(5)(B)(ii). Further, Debtor's plan does not provide for prompt cure of arrears in equal monthly payments pursuant to §1322(b)(5) and §1325(a)(5)(B)(iii)(I).

**2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because It Was Not Proposed in Good Faith.**

Bankruptcy Code Section 1325(a)(3) provides that a court shall confirm a plan if "*the plan has been proposed in good faith and not by and means forbidden by law. . . .*" (emphasis added). In

- 3 -   CASE NO. 22-40756
OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN
Case: 22-40756   Doc# 108   Filed: 10/02/25   Entered: 10/02/25 19:33:55   Page 3 of 4

deciding whether a Plan has been proposed in good faith, the court will look to the totality of the circumstances. Goeb v. Heid (In re Goeb), 675 F.2d 1386, 1390 (9th Cir. 1982). Furthermore, the burden of establishing that a plan is submitted in good faith is on the debtor. In re Warren, 89 B.R. at 93.

Upon determination that her Objection to Claim was meritless, Debtor proposed an unlawful modification of claim. It is patently clear more than three years postpetition that Debtor's petition was not filed in good faith as confirmation requires under §1325(a)(7).

### 4) CONCLUSION

In light of the Plan's failure to cure and maintain Creditor's claim and protracted effort to hinder Creditor, rather than sincerely attempt to reorganize debt and obtain a fresh start, Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan and dismiss her case.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii.) That the Debtor's case be dismissed; and

ii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October 2, 2025            ALDRIDGE PITE, LLP

By: /s/Asaph Abrams
ASAPH ABRAMS (SBN 222576)
Attorneys for MEB Loan Trust IV, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee